443 So.2d 486 (1984)
Larry D. CLARKE, Appellant,
v.
Cheryl A. CLARKE, Appellee.
No. 83-1074.
District Court of Appeal of Florida, Second District.
January 13, 1984.
*487 William P. Levens of Barrs, Williamson & Levens, Tampa, for appellant.
Louis W. Putney, Tampa, for appellee.
LEHAN, Judge.
In this dissolution of marriage proceeding, the husband argues that the trial court erred in its attempt to equitably distribute the parties' property. The husband contends that the court should not have given the husband's one-half interest in the marital home to the wife as lump-sum alimony and that the trial court should not have considered the husband's pension plan to be among assets of the husband for the purpose of determining equitable distribution. The trial court took into account the evidence of the plan's estimated future value and reduced that by fifty percent. We disagree with the husband's contentions and affirm the final order of dissolution.
The husband's first contention is that the lump sum award of the husband's interest in the home was not justified on the basis of needs of the wife. However, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), does not restrict lump sum alimony awards to circumstances in which the recipient's need therefor exists if equitable distribution is accomplished under circumstances showing justification and financial ability of the other spouse.
The trial court has discretion to award the husband's share of the marital home to the wife as lump sum alimony to accomplish an equitable distribution of the marital property. Canakaris at 1201. It appears that the court divided the parties' assets roughly equally by, among other things, giving the marital home entirely to the wife and considering the husband's pension plan to be a part of the husband's property. We do not find that the trial court abused its discretion.
The husband's second contention is that his vested pension plan should not have been considered by the trial court in making the equitable distribution. We disagree. See Aylward v. Aylward, 420 So.2d 660 (Fla. 2d DCA 1982); Hurtado v. Hurtado, 407 So.2d 627 (Fla. 4th DCA 1981); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981). We recognize that this case apparently differs from those cases in that here the parties agree that the husband can receive no money from the pension plan until he attains age sixty-five, approximately twenty-one years in the future. However, in viewing the value of the pension plan as security for the future for a husband who has good income-producing ability and other assets in reserve, we cannot say that the trial court abused its discretion. Under that view, the pension plan, the right to the great bulk of which was built up during the nineteen-year marriage, is similar in nature to other assets held for the future. We also note that the husband's rights to the pension plan in this case are vested, in contrast to Aylward.
The only evidence of the pension plan's value presented in the lower court was the wife's testimony giving its present value as one half of its estimated future value. As the trial court implies, the weight of that testimony was not great because the wife was not shown to be qualified as an expert in the subject. But, under the standards of appellate review established by Canakaris and its directive that the trial court should be guided by "all relevant circumstances," 382 So.2d at 1201, we cannot find in this dissolution case that the wife's testimony was entitled to no weight. We cannot say that reasonable men could not differ as to the propriety of the trial court's actions. The husband presented no evidence of the plan's value; his basic contention appears to be that the pension plan should have no value for equitable distribution purposes.
AFFIRMED.
HOBSON, A.C.J., and DANAHY, J., concur.