[No. 6084-5-III.   Division Three.   December 18, 1984.]

*In the Matter of the Marriage of* LUCRETIA FRANCIS WILLIAMS, *Respondent, and* LEROY STANLEY WILLIAMS, *Appellant.*

*LeRoy Stanley Williams,* pro se.

*Robert H. Huneke,* for respondent.

MUNSON, C.J.—Major LeRoy Stanley Williams, United States Air Force, retired, appeals from a dissolution decree ordering him to continue his former wife, Lucretia, as his designated beneficiary of his military survivor benefit plan (SBP), 10 U.S.C. § 1447 *et seq.* We reverse.

The parties were married in 1953. Major Williams was a career officer with the Air Force, retiring in 1974. Also in 1974, Major Williams executed an election to have Mrs. Williams named as the beneficiary of his SBP. In a dissolution decree entered September 1, 1983, the court ordered Major Williams to retain Mrs. Williams as named beneficiary, and ordered her to pay the premiums.

10 U.S.C. § 1450(f)(3) provides:

(3) Nothing in this chapter authorizes any court to order any person to elect under section 1448(b) of this title to provide an annuity to a former spouse unless such person has voluntarily agreed in writing to make such election.

10 U.S.C. § 1448(b) (1982) deals with an election by an unmarried or remarried service member to provide an

annuity to a former spouse. The trial court found Major Williams' 1974 election constituted a voluntary written agreement to provide an annuity to Mrs. Williams. We disagree.

■ The Uniformed Services Former Spouses' Protection Act of 1982, Pub. L. No. 97–252, 96 Stat. 730 (codified as amended in scattered sections of 10 U.S.C.) was enacted to reverse the effect of *McCarty v. McCarty*, 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981). However, the legislative history of that act and its subsequent amendments indicates an intention to eliminate *McCarty*'s effect only on retirement pay, not SBP's.

> This amendment to subsection 1448(b) of title 10 will give increased flexibility to certain persons eligible to participate in the Plan and will permit those persons to provide a measure of financial protection to a former spouse in the event of termination of a marriage. At the same time, *the amendment continues the basic concept of SBP that an election to provide any annuity is strictly the option of the person eligible to participate in that Plan. That is, no person could be required to provide an annuity to a former spouse.*

(Italics ours.) S. Rep. No. 502, 97th Cong., 2d Sess., *reprinted in* 1982 U.S. Code Cong. & Ad. News 1596, 1619. Likewise, the history of the Department of Defense Authorization Act of 1984, Pub. L. No. 98–94, 97 Stat. 614 (1983), states its purpose was merely to provide technical amendments to clarify the authority of the service member to designate the former spouse as beneficiary. S. Rep. No. 174, 98th Cong., 1st Sess., *reprinted in* 1983 U.S. Code Cong. & Ad. News 1081, 1145.

In *Barros v. Barros,* 34 Wn. App. 266, 660 P.2d 770, *review denied,* 100 Wn.2d 1022 (1983), decedent's first wife claimed a one–half interest in a SBP received by the second wife. After reviewing the *McCarty* case and the legislative history of the Uniformed Services Former Spouses' Protection Act, the court upheld the trial court's dismissal of the first wife's claim. The court held 10 U.S.C. § 1447 *et seq.* neither required nor allowed states to apply community

property law to SBP's. It emphasized 10 U.S.C. § 1450(i), which exempts these annuities from assignment, execution, levy, attachment, garnishment, or other legal process. Thus, if Mrs. Williams is to be entitled to the SBP, it must be based upon a statutory election, not upon state community property law.

In *Brown v. Brown,* 279 S.C. 116, 302 S.E.2d 860 (1983), the court reversed an order requiring the husband to continue carrying the wife as beneficiary of his SBP after dissolution. The court cursorily held the act calls for *election* by service members and prohibits the court from ordering such election.

When Major Williams elected to provide the SBP for Mrs. Williams in 1974, they were husband and wife; he was neither unmarried nor remarried, nor was she his former spouse. The statutes presuppose any voluntary agreement to provide for a former spouse will be made at the time of or after dissolution of a marriage. 10 U.S.C. § 1448(b)(4); 10 U.S.C. § 1450(f)(2).

Mrs. Williams agrees the act prohibits the court from requiring a service member to elect a former spouse. 10 U.S.C. § 1450(f)(3). However, she argues an order to *elect* a former spouse is different from an order to *retain* a former spouse as beneficiary. While this may be literally true, her contention fails in light of the legislative history and cases cited. Nothing in the act prohibits the service member from deleting a spouse upon dissolution of that marriage and naming a new spouse as beneficiary.

That part of the decree awarding the SBP to Mrs. Williams is reversed. However, while this case was on appeal Major Williams had the Air Force remove Lucretia Williams as beneficiary and substitute his new wife. Lucretia Williams is entitled to a refund of the premiums she has paid since August 1983. Major Williams has furnished us with an Air Force document entitled "Survivor Benefit Plan Information," which indicates he will be receiving the refund for these premiums in the gross amount of $2,479.82.

Major Williams also assigned error to the division of the military retirement pay. Following a motion to dismiss the appeal as frivolous, our commissioner dismissed that assignment of error. RAP 18.9(c)(2). A motion to modify that ruling pursuant to RAP 17.7 was denied. No petition for review by the Supreme Court having been filed, the clerk of this court issued a partial mandate on August 23, 1984.

Also during the course of the appeal, Major Williams was ordered to pay Mrs. Williams' portion of the retirement pay into the court registry. Based upon the commissioner's ruling and our denial of Major Williams' motion to modify, Mrs. Williams filed a motion for release of those funds. The commissioner granted the motion, and Major Williams moved to modify that ruling on October 29, 1984. We deny the motion to modify and direct the clerk of the court to pay the funds to Mrs. Williams.

On November 1, 1984, Major Williams moved to recall the partial mandate. RAP 12.9(b). That motion was heard when the SBP issue was argued. No petition for review having been filed, nor a valid issue remaining, we deny the motion to recall the mandate.

On October 26, 1984, Major Williams filed a "Motion to Remove Appeal to Federal Court." That motion was rejected by the United States District Court for the Eastern District of Washington, and the appeal was remanded to our court on November 1, 1984. As an appellate court, we do not recognize such motions unless we receive an order from a federal judge.

For the first time at oral argument, Major Williams urged us to overturn the portion of the decree ordering a military identification card for Mrs. Williams. That issue is not properly before the court. RAP 10.3(a)(3).

The commissioner awarded Mrs. Williams $1,500 for attorney fees on appeal. This award is affirmed. Her motion for additional fees is denied. RCW 26.09.140; *Callan v. Callan*, 2 Wn. App. 446, 468 P.2d 456 (1970).

The judgment is reversed in part and Major Williams is

ordered to pay Mrs. Williams $2,479.82, the gross amount of the Air Force refund for premiums for the SBP. The clerk is also authorized to pay over to Mrs. Williams the funds in the court registry.

MCINTURFF and THOMPSON, JJ., concur.

Review denied by Supreme Court February 15, 1985.