EN BANC.
James Bogará appeals a final judgment of dissolution granting him a special equity in the marital home, awarding permanent alimony to his wife, Judith Bogard, and dividing his prospective pension equally between the parties.
This case involves a twenty-eight-year marriage between the husband, age fifty, and the wife, age forty-seven. Three children, all now emancipated, were born of the marriage. The husband is an engineer and has worked for Martin-Marietta Corporation for twenty-five years, with a present net monthly income of about $3,100.00. The wife is presently unemployed and has been unemployed throughout most of the marriage.
At the conclusion of the trial, the trial court awarded the husband a special equity in the marital home in the sum of $5,000.00. The trial court also awarded the wife some $10,000.00 per year as permanent alimony, ordered the marital residence (valued at $110,000.00 with a $14,700.00 mortgage) sold and the proceeds therefrom divided. The court also divided the present cash value of the husband’s profit sharing plan at Martin-Marietta ($20,636.00), and divided the husband’s prospective pension.
The issue which primarily concerns us is whether the trial court correctly held that a pension was a marital asset subject to equitable distribution by the court.
In Clarke v. Clarke, 443 So.2d 486 (Fla. 2d DCA 1984), the Second District held that a pension may be considered a marital asset subject to equitable distribution. In contrast, in Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984), the First District held that a retirement plan could be considered as a source of payment for alimony, but it should not be treated as a marital asset subject to division by the court.
The panel which initially heard this case concluded that the question was a matter of great public importance and recommended that the case be considered en banc. At the en banc hearing, the court was evenly divided.
This court finds that the question whether a pension, earned during the term of the marriage, may be considered a marital asset requires immediate resolution by the Florida supreme court as an issue of great public importance and one which has, and will have, a great effect on the administration of justice throughout the state.
This court respectfully requests the supreme court to accept jurisdiction pursuant to Florida Rule of Appellate Procedure 9.125.
COBB, C. J., and DAUKSCH, ORFINGER, UPCHURCH, SHARP and COWART, JJ., concur.