480 So.2d 231 (1985)
Kenneth Wayne PASTORE, Appellant,
v.
Rebecca Joyce PASTORE, Appellee.
No. BG-284.
District Court of Appeal of Florida, First District.
December 30, 1985.
*232 Laura N. Melvin, Fort Walton Beach, for appellant.
John P. Townsend of Chesser, Wingard, Barr & Townsend, Fort Walton Beach, for appellee.
MILLS, Judge.
Kenneth, the husband, appeals from a final judgment of dissolution of marriage. He contends that the trial court erred in awarding Rebecca, the wife, a vested property interest in his future military retirement benefits and in providing that he would receive no credit upon the sale and partition of the marital home for the mortgage payments, taxes and insurance he is required to pay by the final judgment throughout the wife's exclusive use of the home. The husband also argues that the total obligation placed upon him in the court's final judgment constitutes an abuse of discretion. We agree and reverse as to these issues.
The wife, in her cross appeal, asserts that the amount of permanent periodic alimony awarded to her is so insignificant as to constitute an abuse of discretion and that the trial court further abused its discretion by failing to require the husband to maintain a policy of insurance on his life in an amount sufficient to satisfactorily discharge his alimony obligation to her. We disagree and affirm as to these issues.
With regard to the husband's military retirement, the trial court held as follows:
The Husband's military retirement is an asset of the marriage to which the Wife is entitled to a vested one-half interest. The Wife is awarded and shall receive as a property asset one-half of whatever retirement benefits the Husband may receive, including any increases which may inure because of his service after the dissolution of marriage. As the retirement proceeds fluctuate and vary, the Wife will receive one-half of those variations.
This Court in Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984), looked at the issue of how a retirement plan should be treated in the distribution of marital assets, and concluded that a spouse's interest in a retirement plan should not be treated as a part of the marital estate, subject to division by the court, but rather should only be looked to as a source of payment by that spouse in considering the question of alimony.
However, recognizing this as an issue of great public importance the following question was certified to the Florida Supreme Court in that opinion:
How should a trial judge treat a spouse's entitlement to retirement benefits in fashioning an equitable distribution of property in dissolution proceedings?
This question has not yet been answered. Accordingly, we rely on the holding in Diffenderfer to reverse the trial court's finding on this issue.
It should also be noted that the wife initially argued in her brief on appeal that *233 the trial court's treatment of the husband's military retirement benefits was not properly before this court because, on motion for rehearing by the husband, the trial judge provided him with the option of awaiting the Florida Supreme Court's ruling on Diffenderfer and subsequent reconsideration at the trial level of his motion for rehearing, or accepting a denial on all issues. At oral argument, however, the wife agreed that when the husband filed his notice of appeal he accepted the offer of the trial judge to proceed with appellate review and, in so doing, abandoned his pending motion for rehearing on the Diffenderfer issue.
The provision in the final judgment requiring that the husband pay the monthly house payments, taxes and insurance on the marital home as "unallocated child support and alimony" and that he would receive no credit for any such payments upon the sale of the home must also be reversed. When the parties dissolved their marriage, they each received an undivided one-half interest in the marital home as tenants in common. Section 689.15, Florida Statutes (1983). Therefore, the party who is made responsible for the mortgage payments and other expenses of the home must be allowed credit against the nonpaying party's one-half share from the proceeds of the sale of the home. Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978).
The monthly obligations imposed on the husband by the trial court in its final order represent an expenditure of 66.7% of his net monthly wages. We find that such a large obligation shortchanges the husband and constitutes an abuse of discretion. Thomas v. Thomas, 418 So.2d 316 (Fla. 4th DCA 1982) (court found an award of 58% of the husband's net pay an abuse of discretion). In view of our disposition on this issue, we find the wife's argument that the award to her of permanent alimony in the amount of $250.00 per month constitutes an abuse of discretion and should be increased is without merit.
This case was heard on 27 December 1984. At that time, a statutory amendment had been enacted by the 1984 Florida Legislature which amended Chapter 61.08, Florida Statutes (1983), to provide, at Section 61.08(3):
To the extent necessary to protect an award of alimony, the court may order any party who is ordered to pay alimony to purchase or maintain a life insurance policy or a bond, or to otherwise secure such alimony award with any other assets which may be suitable for that purpose.
The foregoing amendment became effective 1 January 1985, four days after this case was brought on for final hearing.
The wife contends that her financial situation militates strongly in favor of requiring the husband to maintain such an insurance policy. We disagree. No authority existed at the time of the final judgment to require the husband to maintain a life insurance policy as security for the payment of the wife's alimony. Moreover, even assuming that Section 61.08(3) could be applied retroactively to the present case, the statute merely provides a discretionary choice for trial courts. Therefore, we affirm on this issue.
Affirmed in part and reversed in part and remanded for action in accordance with this decision.
SHIVERS and ZEHMER, JJ., concur.