PER CURIAM.
This cause is before us on appeal from a final judgment of dissolution of marriage, *166 awarding rehabilitative, permanent-periodic, and lump-sum alimony to the wife. We reverse the final judgment and remand for a review of the awards in accordance with this opinion.
Specifically, we disagree with the trial court’s treatment of the husband’s pension plan benefits. The trial court erred in treating the pension plan benefits as a marital asset subject to division under the doctrine of equitable distribution in a dissolution of marriage action.
The trial court below granted a dissolution and awarded the wife the following:
(1) The husband’s share of the equity in the marital home as lump-sum alimony.
(2) Rehabilitative alimony in the amount of $1,450 per month for a period of 48 months. Upon termination of such rehabilitative alimony, permanent alimony in the amount of $1,000 per month until the wife remarries or until the death of either party.
(3) The 1982 Oldsmobile.
(4) Death benefits from the husband’s pension plan, maintained by the husband through his union, plus one-half of the retirement benefits to be received under the plan, so that when the husband begins receiving benefits, the wife shall receive one-half of such benefits. Husband is to be credited with amounts paid to wife via the pension plan against sums due the wife as alimony.
Although the husband is to receive a direct setoff in the alimony payment due because of the pension benefits paid to the wife, this does not vitiate the one-half interest in the pension plan benefits awarded to the wife in the final judgment.
This court, in Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984), made it clear that pension plans should be considered by the trial court as a source of payment by one spouse for the support of the other but not as a marital asset subject to division by the court upon dissolution. That is, while the trial court may consider pension benefits in setting an alimony award, it is error for the trial court to award any particular percentage or interest in the pension plan benefits to the spouse being awarded support. See also Pastore v. Pastore, 480 So.2d 231 (Fla. 1st DCA 1986).
This court certified the following question to the Supreme Court of Florida in Diffenderfer:
How should a trial judge treat a spouse’s entitlement to retirement benefits in fashioning an equitable distribution of property in dissolution proceedings?
The Diffenderfer question certified remains pending and unanswered in the Florida Supreme Court. Therefore, we rely on our holdings in Diffenderfer, supra, and Pastore, supra, to reverse the trial court’s award of a one-half interest in the husband’s pension plan benefits to the wife.
Accordingly, since the balance of the trial court’s order is disturbed by this reversal, we further remand for a review of the entire order on appeal.
BOOTH, C.J., and SMITH and WENT-WORTH, JJ., concur.