490 So.2d 43 (1986)
James R. BOGARD, Appellant,
v.
Judith J. BOGARD, Appellee.
No. 68015.
Supreme Court of Florida.
June 26, 1986.
*44 Donald R. Corbett, Orlando, for appellant.
Frank A. Taylor, Orlando, for appellee.
ADKINS, Justice.
We have for review Bogard v. Bogard, 478 So.2d 1201 (Fla. 5th DCA 1985), in which the district court certified to this Court the question of whether the trial court had properly considered the husband's prospective pension as marital property for purposes of equitable distribution. At an en banc hearing on the issue, the court was evenly divided and certified to this Court the question as one of great public importance and as having a great effect on the administration of justice throughout the state. We have jurisdiction. Art. V, § 3(b)(5), Fla. Const., Rule 9.125, Fla.R.App.P.
The Fifth District noted conflict between Clarke v. Clarke, 443 So.2d 486 (Fla.2d DCA 1984), which held that a pension may be considered a marital asset subject to equitable distribution, and Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984), which limited consideration of such benefits to a source of payment for support and maintenance obligations.
In Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), we recently quashed the district court decision and held that a retirement pension must be viewed as a marital asset in order to achieve an equitable distribution of property. Thus, we find that the trial court acted properly in considering the retirement pension. Further, applying the "reasonableness" standard of review enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we find the court's treatment of the benefits well within its range of discretion.
We therefore remand the cause to the District Court of Appeal with instructions to affirm the trial court's disposition of the cause on the authority of our decision in Diffenderfer.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and BARKETT, JJ., concur.
SHAW, J., dissents.