497 So.2d 635 (1986)
Rebecca Joyce PASTORE, Petitioner,
v.
Kenneth Wayne PASTORE, Respondent.
No. 68232.
Supreme Court of Florida.
September 25, 1986.
Rehearing Denied December 5, 1986.
*636 John P. Townsend of Chesser, Wingard, Barr & Townsend, Chartered, Fort Walton Beach, for petitioner.
Laura N. Melvin of Johnson, Green & Locklin, P.A., Milton, for respondent.
ADKINS, Judge.
In Pastore v. Pastore, 480 So.2d 231 (Fla. 1st DCA 1985), the First District found error in the trial court's treatment of the husband's retirement pension as a marital asset subject to equitable distribution in a dissolution proceeding. The decision conflicts with our recent holding in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), and we have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We affirm in part and quash in part the decision under review.
Mr. Pastore, then a second lieutenant in the United States Air Force, married the twenty-year-old Rebecca in October of 1963. Two children were born of the marriage; one son is now eighteen and the other fourteen years of age. At the time of final hearing, Mr. Pastore had attained the rank of colonel, with a monthly net income of $3,981.92. Mrs. Pastore, who remained unemployed over the course of the twenty-year marriage in order to fulfill the duties of a military wife and accomodate her husband's career moves, had obtained employment with a housing authority for a net monthly sum of $525.14.
The trial court, finding neither party more or less at fault in the breakup of the marriage, distributed the parties' property and provided for Mrs. Pastore's support as follows. First, the court found Mr. Pastore's future military retirement benefits a marital asset, and awarded the wife a property interest (rather than alimony interest) in one-half of the benefits as they are received. Second, Mrs. Pastore was awarded exclusive use of the marital home until she remarries or the children attain majority. (The parties had stipulated to child support payments of $375 per child monthly). Mr. Pastore was required, as "unallocated child support and alimony," to pay the monthly house payments, taxes and insurance. Ownership of the home was left in the parties as tenants in common, with an injunction against partition until Mrs. Pastore's right to exclusive possession terminates. Upon the eventual sale of the home, the final judgment provided that one-half of the net proceeds was to be distributed to each party, with no credit to be given the husband for his payments on the house between the date of the final judgment and the date of the net distribution.
The court awarded Mrs. Pastore an automobile and Mr. Pastore a pickup truck and a boat. Mr. Pastore was instructed to sell the boat, valued at $9,125, and apply the proceeds to pay off the balance of $6,375 owing on the automobile. Mr. Pastore was held responsible for all the outstanding indebtedness of the family, $4,767.82, and required to pay permanent alimony to Mrs. Pastore of $250 per month. Finally, he was assigned responsibility for his former spouse's attorneys fees and court costs.
The husband appealed the trial court's order, arguing that the trial court had erred in awarding the wife a vested property interest in his future retirement benefits, in providing for no credit reflecting his expenditures on the marital home during the period of his wife's exclusive possession, and in creating a scheme of distribution in which the total obligation placed upon him unfairly "shortchanged" him. Through cross appeal, the wife argued that the amount of permanent periodic alimony awarded to her was so insignificant as to constitute an abuse of discretion.
The district court accepted each of the husband's arguments, and reversed the trial court on those issues. It affirmed the trial court, however, on those issues raised upon the wife's cross appeal. We quash that portion of the district court's opinion reversing the trial court, and reinstate the findings and holdings of the trial court. When viewed as a whole, we believe, the trial court properly exercised its discretion under Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), in reaching a scheme of property distribution and support obligations *637 which reflected the contribution of both parties to the marriage and ensured that neither would pass from "prosperity to misfortune ... [and] be `shortchanged.'" Id. at 1204.
First, the trial court properly treated the entitlement to the military retirement pension as a marital asset acquired through the labor of both parties over the twenty-year course of the marriage. The decision of Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984), on which the district court relied in reversing this portion of the lower court's judgment, has been quashed in our decision of Diffenderfer. Under these circumstances, in which the wife for over twenty years devoted herself to her husband and family by furthering the husband's military career and accomodating his career moves, we can find no abuse of discretion in the trial court's recognition of her property interest in the pension benefits. Facts such as these well illustrate our general observation in Diffenderfer that "[i]n most cases ... it may be preferable to deal with pension rights as a marital asset rather than merely a source of support obligations ... [t]o the extent acquired during the marriage, the expected benefits are a product of marital teamwork." 491 So.2d at 268. See Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980), review denied, 397 So.2d 777 (Fla. 1981).
Neither did the trial court err in holding that Mr. Pastore was not to receive a credit upon the eventual sale of the home reflecting one-half of the house payments, taxes and insurance which he was required to pay under the final judgment. While the divorce decree did sever the joint tenancy, and vest an undivided one-half interest in the home in each party as tenants in common, section 689.15, Florida Statutes (1985); Ball v. Ball, 335 So.2d 5 (Fla. 1976), we find the general rule that the paying party in such a situation is entitled to credit for his expenditures on the home, Strollo v. Strollo, 365 So.2d 189 (Fla. 1st DCA 1978), inapplicable to this case.
The trial court explicitly imposed the duty of making these payments upon the husband as a form of "unallocated child support and alimony." An examination of the circumstances of the case at bar well supports the trial court's departure from the general rule. As emphasized in Canakaris, rules should not be interpreted as hard and fast when to do so will defeat the purposes of equity.
The house will remain in the wife's exclusive possession, at the longest, until the youngest child reaches the age of majority in four years, at which point it will be sold. The husband's exclusive bearing of the financial burden of the home is therefore not imposed without limit, and may be seen as a form of rehabilitative alimony. As noted in Wilson v. Wilson, 279 So.2d 893, 894 (Fla. 4th DCA), cert. denied, 285 So.2d 19 (Fla. 1973), "[b]y operation of law, upon divorce, the parties to property held as an estate by the entireties become tenants in common. Notwithstanding, however, upon ... proper and sufficient proof, one party's interest may be awarded in toto or in part to the other party as, inter alia, lump sum alimony." See also Steinhauer v. Steinhauer, 252 So.2d 825 (Fla. 4th DCA 1971). As pointed out in Diffenderfer, "[t]his Court has continued to honor the broad discretionary authority necessary to do equity between the parties." 491 So.2d at 267, citing Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). The trial court's usage of the payments as a slightly unorthodox form of alimony in this case does no damage to the generally accepted proposition of law, and does not fall on account of superficial conflict with that law. We once again reiterate our observation in Canakaris:
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial *638 court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme. It is extremely important that they also be reviewed by appellate courts as a whole, rather than independently.
382 So.2d at 1202.
Finally, the district court erred in finding that the husband had been "shortchanged" by the total obligations placed upon him by the trial court. When viewed "as a whole, rather than independently," id., we find the trial court's scheme quite equitable and fair to both parties. The district court's finding that "[t]he monthly obligations imposed on the husband ... represent an expenditure of 66.7% of his net monthly wages," 480 So.2d at 233, should not determine the question.
A mere reference to a percentage figure without a further examination of the circumstances of the case is not illuminating. In the case cited by the district court, Thomas v. Thomas, 418 So.2d 316, 317 (Fla. 4th DCA 1982), the Fourth District found it necessary to reduce the obligations imposed by the trial court "in order to insure [the husband's] economic survival." A closer examination of the scheme here established by the trial court, in contrast, indicates that the parties' positions have been fairly equalized, Cowan, and that neither party will pass from prosperity to misfortune within the terms of Canakaris.
First, we find the figure of 66.7% cited by the district court unsupported by the evidence. The husband's duty to pay the outstanding balance of $6,315 on the wife's automobile, for instance, was offset by the court's award to him of the boat, with a stipulated value of $9,125. Similarly, the credit obligations placed on the husband will be satisfied in two years under his proposed schedule of payment. Further, the monthly child support obligation of $750 has already been decreased by half, as one child recently reached majority. In four years the husband's child support and home-related obligations will cease, leaving only the $250 monthly permanent alimony payment. When so considered, the wisdom of the trial court's granting to the wife of an interest in the pension is clear.
In light of the disparity in the parties' income and future prospects, we cannot find that Mr. Pastore will be placed in an untenable economic position by fulfilling his responsibilities under the trial court's plan. We would point out, in fact, that it is Mrs. Pastore who may be disadvantaged upon the cessation of most support payments in four years. We would note that if in four years Mr. Pastore has not retired, and his former spouse is receiving only $250 a month, she may seek a modification of alimony under section 61.14, Florida Statutes (1985). At the moment, however, the trial court's plan allocates quite well the marital resources between the parties.
We therefore quash that portion of the district court's decision reversing the trial court, and remand to the district court with instructions to affirm the final judgment of the trial court.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.