503 So.2d 384 (1987)
Jerome BENSON, Appellant,
v.
Minette BENSON, Appellee.
No. 86-1039.
District Court of Appeal of Florida, Third District.
February 17, 1987.
Rehearing Denied March 31, 1987.
*385 Frumkes & Greene and Cynthia Greene, Miami, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Bertha Clair Lee and Bruce A. Christensen and Ray H. Pearson, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the husband Jerome Benson from a final judgment of marriage dissolution. After reviewing the briefs and record filed by both parties on this appeal, we conclude that no reversible error has been shown, and, accordingly, the final judgment under review is affirmed. We reach this result based on the following briefly stated legal analysis.
First, we see no abuse of discretion in either the amount of alimony awarded to the wife Minette Benson or in the method of payment. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Aronovitz v. Aronovitz, 439 So.2d 330 (Fla. 3d DCA 1983); Koeppel v. Koeppel, 351 So.2d 766 (Fla. 3d DCA 1975). Second, we see no abuse of discretion in requiring the husband Jerome Benson to maintain the wife Minette Benson as an irrevocable beneficiary on his life insurance policies, to secure the awards made herein, until such time as Mr. Benson retires, inasmuch as Section 61.08(3), Florida Statutes (1985), specifically authorizes same. The order specifies that alimony obligations cease upon Mr. Benson's death so that any proceeds from the life insurance could not go to Mrs. Benson as invalid post-mortem alimony should Mr. Benson die prior to retirement. Third, we see no abuse of discretion in requiring Mr. Benson to maintain a major medical insurance policy on behalf of Mrs. Benson, see Cyphers v. Cyphers, 373 So.2d 442, 445 (Fla. 2d DCA 1979); Blass v. Blass, 316 So.2d 308, 309 (Fla. 3d DCA 1975); Lyons v. Lyons, 208 So.2d 137, 139 (Fla. 3d DCA 1968), and to designate Mrs. Benson as alternative payee and surviving spouse with respect to his pension plan. Pastore v. Pastore, 497 So.2d 635 (Fla. 1986); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Bogard v. Bogard, 490 So.2d 43, 44 (Fla. 1986).
We have not overlooked Mr. Benson's argument to the contrary on each of the above points, but, on balance, we are not persuaded thereby. The final judgment under review is, in all respects,
Affirmed.