509 So.2d 1310 (1987)
Harry F. HELDMYER, Appellant,
v.
Nancy HELDMYER, Appellee.
No. 86-368.
District Court of Appeal of Florida, Fifth District.
July 16, 1987.
*1311 Jack A. Kirschenbaum, of Wolfe, Kirschenbaum & Mosley, P.A., Cocoa Beach, for appellant.
Carol Waxman, of Stanley Wolfman, P.A., Merritt Island, for appellee.
UPCHURCH, Chief Judge.
The husband appeals a final judgment of dissolution of marriage raising several issues for our consideration.
First, the husband contends that the trial court erred in awarding the wife $178.00 per week as permanent periodic alimony. The husband, a military officer, retired with the rank of Lieutenant Colonel. The marriage spanned thirty-one years and produced four children, now adults. During the twenty years the husband was in the service, the family moved at least ten times. The husband has a master's degree in hospital administration and presently is employed as a data processing manager for the Orlando Police Department. His military pension of $22,128 and his bi-weekly police department salary of $995.00 amounts to a total income of about $47,000 annually. The wife, who is in her fifties, attended junior college and has an associate degree. She worked primarily as a homemaker during the marriage. She is presently employed, earning $16,900 per year. The husband admitted that the family's standard of living in 1984 required $60,000 gross. Considering the wife's needs, age, employment potential and the husband's ability to pay, the award of permanent alimony was not an abuse of the court's discretion. Walter v. Walter, 464 So.2d 538 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Second, the husband claims that the trial court erred in determining the amount of a special equity he was awarded in the marital home. The evidence was uncontradicted that the husband received $54,000 worth of stock as the beneficiary of a family trust. The disposition was set up in a ready asset account at Merrill Lynch and a money market account at Barnett Bank. Over the years, the stocks were sold and profits were reinvested so that at the present time, none of the original stock exists. The husband used the profit from the stocks for various family expenses and the ready asset fund and the money market fund now contain some $37,000. The husband testified that he withdrew approximately $32,000 from the fund, deposited it in the parties' joint account and wrote a check for the down payment on their home. While the wife thought the profit on homes the parties had previously owned had also *1312 gone into the husband's investment accounts, she conceded that she had no specific knowledge of that fact. Therefore, the amount of the special equity awarded by the court was inadequate and this portion of the judgment must be reversed and remanded for determination of the special equity in accordance with Landay v. Landay, 429 So.2d 1197 (Fla. 1983).[1]
Third, the husband contends that the trial court erred in ordering him to pay the mortgage, taxes, and insurance on the home but to receive a credit for paying the wife's share only if he does not occupy the house. Generally, a spouse who pays the mortgage on jointly owned property is entitled to credit against the other spouse's one-half of the proceeds upon sale of the property. Wood v. Friedman, 388 So.2d 1355 (Fla. 5th DCA 1980). However, payment of the mortgage, taxes and insurance for the marital home without receiving a credit may be considered as a form of alimony. Pastore v. Pastore, 497 So.2d 635 (Fla. 1986). On remand, the trial court should clarify the nature and purpose of this award.
Fourth, the husband claims that the court erred in awarding the wife one-half of the Merrill Lynch ready assets account and the Barnett Bank money market fund. The husband testified that no salary or marital funds went into these investment accounts. The wife testified that she actually did not know that any profits from the sale of the parties' homes went into these accounts. Since the wife failed to establish that any marital funds went into the accounts and the accounts were from a source unconnected with the marriage, the husband is entitled to retain sole ownership of the investment accounts. Ball v. Ball, 335 So.2d 5 (Fla. 1976).
Finally, the husband claims that the trial court erred in ordering him to maintain the wife as a beneficiary under the provisions of his Survivor Benefit Plan. The Survivor Benefit Plan provides an annuity payable upon death of a person entitled to retirement pay from the armed services. See 10 U.S.C. §§ 1447-1455. However, the eligible person must elect to provide an annuity to a former spouse and a court cannot order the person to so elect. 10 U.S.C. § 1450(f)(4); Matter of Marriage of Morton, 11 Kan. App. 2d 473, 726 P.2d 297 (1986); Barros v. Barros, 34 Wash. App. 266, 660 P.2d 770 (1983). Nor can a court order the eligible person to maintain a former spouse as the beneficiary. Keen v. Keen, 145 Mich. App. 824, 378 N.W.2d 612 (1985); Powers v. Powers, 465 So.2d 1036 (Miss. 1985); Brown v. Brown, 279 S.C. 116, 302 S.E.2d 860 (1983); In re Marriage of Williams, 39 Wash. App. 224, 692 P.2d 885 (1984). Thus, the husband cannot be ordered to maintain the wife as the beneficiary under his Survivor Benefit Plan.
In sum, the trial court must revisit the awards in this case. The wife is entitled to permanent periodic alimony and the husband is entitled to a special equity in the marital home considering the full amount of the down payment. The husband is also entitled to the investment accounts in his name. The trial court cannot order the husband to maintain the wife under the Survivor Benefit Plan. However, because the financial positions of the parties will be changed by the opinion, on remand the trial *1313 judge may reexamine their total financial "package."[2]
REVERSED and REMANDED for further proceedings.
DAUKSCH, J., concurs.
COWART, J., concurs in part; dissents in part with opinion.
COWART, Judge, concurring in part; dissenting in part.
I concur in the majority opinion as to the first four holdings but cannot agree with the holding that the trial court could not order the husband to maintain the ex-wife as beneficiary of survivorship benefits which were created when the husband retired from the military and made that distribution election of his federal retirement benefits. There is no reason under Federal or Florida law why a domestic relations court in Florida cannot order a military retiree who has already made an election of his survivor benefits for his wife to not change that election. This case was tried before decisions were rendered in Pastore v. Pastore, 497 So.2d 635 (Fla. 1986), Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), and Bogard v. Bogard, 490 So.2d 43 (Fla. 1986) and at a time when the law of the state was that the trial court could not treat a husband's pension as a marital asset but could consider it in assessing a husband's ability to pay alimony. Nevertheless the trial judge's action appears to be the proper method of treating the retirement benefit as marital property and of making an equitable distribution of the retirement benefits in favor of the wife. As a practical matter, this is about the only way to actually accomplish that result. With a survivorship benefit the ex-wife would receive payments after the ex-husband's death. If the court only gives the wife some portion of the husband's military pension itself, payments to the wife will terminate at the death of the husband or the wife under 10 U.S.C. § 1408(c)(2) and (4). Those are two entirely different types of results. The first is a type of division of the ownership interest in the retirement asset; the latter is in the nature of providing support.
In Benson v. Benson, 503 So.2d 384 (Fla. 3d DCA 1987) the Third District Court of Appeal, in affirming a domestic relations case appealed by Mr. Benson, held
Third, we see no abuse of discretion in requiring Mr. Benson ... to designate Mrs. Benson as alternative payee and surviving spouse with respect to his pension plan. Pastore v. Pastore, 497 So.2d 635 (Fla. 1986); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Bogard v. Bogard, 490 So.2d 43, 44 (Fla. 1986).
The court in Benson appears to have approved what the majority opinion in this case disapproves and both cite the same authorities. There appears to be a direct conflict between the two decisions.
As the wife, Mrs. Heldmyer, did not cross-assign error on appeal as to the trial court's express ruling denying her an interest in the husband's military pension, I strongly dissent to the gratuitous suggestion that on remand the trial court should consider making an equitable distribution of the husband's military pension and consider changing the alimony award. The correctness of the trial court's express ruling declining to make an equitable distribution of the husband's military pension was not raised on this appeal, and in this opinion this court is expressly upholding the propriety of the trial court's award of permanent alimony. Those matters are "the law of the case" and res judicata and should not be changed on remand or treated as error on appeal.
NOTES
[1] The husband also claims that he made the down payments on the parties' previous homes from his investment accounts and that the profits from these homes were used to build a family room and dock at the marital home. Thus the husband claims he is entitled to an additional special equity in the amount of $12,900, the cost of those improvements. However, the husband admitted that both parties worked to renovate the homes. Some of the profits from selling the past homes must be attributable to the work done by the parties and the increase in equity by the paying down of the mortgages. Since the husband did not establish that these past profits are entirely attributable to his separate funds, his claim for a special equity for capital improvements made with these profits was properly denied.
[2] At the trial, the wife requested one-half of the husband's military retirement. See 10 U.S.C. § 1408. However, the court believed that it could not treat the pension as a marital asset but could only consider it in determining the husband's ability to pay alimony. Since the trial in this cause, the Florida Supreme Court has held that a retirement pension must be viewed as a marital asset in order to achieve an equitable distribution of property. Pastore; Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); Bogard v. Bogard, 490 So.2d 43 (Fla. 1986).