HALL, Judge.
Dan Eugene Owens appeals from the parties’ final judgment of dissolution of marriage. He argues that the trial court erred in awarding his former wife his interest in the parties’ mobile home, in awarding the wife one-third of his profit sharing account, and in requiring him to pay $100 per week child support.
The parties were married in 1981 and have a three year old son. Their marital home, was a mobile home valued at $13,-900, with an existing encumbrance of over $11,000. The monthly payment on the home was $214 per month for seven and one-half years. The trial court awarded the husband’s interest in the mobile home to the wife as lump sum alimony and required the husband to satisfy the outstanding indebtedness. The wife was also awarded the parties’ 1981 Oldsmobile, the husband having satisfied the existing indebtedness on the car of $2,169 prior to the hearing. The husband was required to pay debts accumulated during the marriage to-talling over $4,600, child support in the amount of $100 per week. He was also required to maintain medical insurance for the child.
The husband earned a monthly net income of $1,276. The wife, healthy and thirty-five years old at the time of the final hearing, was employed before and during the marriage and earned a monthly net income of $678.
The husband argues that the trial court erred in awarding his share of the mobile home to the wife. We disagree. “The trial court has discretion to award the husband’s share of the marital home to the wife as lump sum alimony to accomplish an equitable distribution of the marital property.” Clarke v. Clarke, 443 So.2d 486, 487 (Fla. 2d DCA 1984), citing Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). Therefore, we affirm the award of the home to the wife as lump sum alimony. However, we find that under the facts of this case, considering the short duration of the marriage and the financial capabilities of the husband, the trial court abused its discretion in requiring the husband to satisfy the outstanding indebtedness on the mobile home at the rate of $214 per month. This award effectively required the husband to pay permanent alimony for seven and one-half years. The husband was required to pay to the wife two-thirds of his net income. Although the wife did not earn as much as the husband, her income was to be supplemented by over $400 per month in child support payments, she was relieved of most of the debts accrued during the marriage, and she received the equity in the mobile home and most of its furnishings. The trial court erred in burdening the husband with the majority of the liabilities and none of the assets of the marriage.
The husband also argues that the trial court erred in awarding the wife one-third of his profit sharing account. Both the husband and wife worked for Wal-mart and had participated in their employer’s profit sharing program. The husband had accumulated approximately $23,737, and the wife had accumulated approximately $11,000. In consideration of the distribu *1074 tion of the other assets to the wife and the fact the wife has a substantial balance in her own profit sharing account, we find that the trial court erred in awarding the wife one-third of the husband's account.
We find no error in the trial court’s award of $100 per week child support.
Reversed and remanded with directions to the trial court to amend the final judgment consistent with this opinion.
SCHEB, A.C.J., and FRANK, J., concur.