534 So.2d 844 (1988)
Mary Jane K. DECKER, Appellant,
v.
Gary Henton DECKER, Appellee.
No. 88-69.
District Court of Appeal of Florida, Fifth District.
December 1, 1988.
*845 F. Douglas McKnight, Orlando, for appellant.
No Appearance for appellee.
ORFINGER, Judge.
The former wife appeals from a final judgment of dissolution of marriage and raises as her sole point on appeal the trial court's failure to award her any interest in her former husband's military retirement pension. We find merit in her position and reverse.
The parties were married for 25 years. Approximately one year before the marriage, the husband enlisted in the U.S. Navy and has maintained that career to the present time. He is now 46 years old and has risen to the rank of Senior Chief Petty Officer and earns a monthly base pay of $2,270.10 (plus an additional quarters allowance of $212.80 after dissolution).
The wife is now 45 years of age, a high school graduate who did not work full time during the marriage at her husband's request. She is employed part time as a school crossing guard and cafeteria worker earning $471.15 per month. During the marriage husband was at sea a great deal of the time and the wife substantially raised the couple's three boys, now ages 22, 19 and 16. The husband's military career took the family to Spain, Rhode Island, Pennsylvania and Florida. There was testimony from a Navy wife who had known the couple for many years that a Navy wife's job is very difficult, that her service can be an enhancement to her husband's career and that Mary Jane Decker was a very good Navy wife and a very good mother who kept the family together.
Husband testified that if he were to retire that day his gross retirement pay would be $1,518.13 per month, but he did not plan to retire for another three or four years. There was evidence that the retirement plan was currently worth just over $71,000, though an underwriter testified that a fixed annuity on the retirement plan would cost $158,039.28 given husband's life expectancy.
In the final judgment the court found that there were two marital assets; the jointly owned marital home with an equity of approximately $44,000 and the husband's military retirement pension. The court awarded to the wife the husband's interest in the home as lump sum alimony. The husband was further ordered to pay child support of $250 per month, permanent alimony of $550 per month and was ordered to pay the couple's debts of $7,000. Finally, husband was ordered to pay $1,500 toward wife's attorney's fees. The wife contends that she has been shortchanged and left in a potentially precarious financial situation because she is left to rely only on the alimony award for support which will terminate should the former husband die, whereas an interest in the retirement pension will protect her should that event occur.
It is now well settled in this state that a spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). This includes military retirement pensions to the extent they are earned or acquired during *846 the marriage. Pastore v. Pastore, 497 So.2d 635 (Fla. 1986). In Pastore, with a similar military background as is found here, the court noted that such facts illustrate the general observation in Diffenderfer that "[i]n most cases ... it may be preferable to deal with pension rights as a marital asset rather than merely a source of support obligations ... [t]o the extent acquired during the marriage, the expected benefits are a product of marital teamwork." 497 So.2d at 637 (citations omitted).
While it is generally left to the trial court's discretion how pension rights are treated in equitably dividing the parties' property, Diffenderfer, 491 So.2d at 268-69; Bujarski v. Bujarski, 530 So.2d 953 (Fla. 5th DCA 1988), that discretion is subject to the "reasonableness" test of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We hold that under the facts of this case, the division was unreasonable and an abuse of discretion. After a 25 year marriage, the former wife's financial future is almost completely dependent on her former husband's continued good health. She does not have substantial earnings or a pension entitlement in her own right as did the wife in Bujarski. There appears to be no reason why the wife should not be entitled to a vested interest in the husband's retirement plan to the extent that it was acquired during the marriage. As noted by appellant, the federal statutes pertaining to military pensions were amended, effective November 1986, to permit the plan member to elect an annuity to be paid to a former spouse. 10 U.S.C. § 1448. A court may order a person to make the election to provide an annuity to a former spouse. 10 U.S.C. § 1450(a)(2). We are not suggesting the specific relief which should be granted, but only point out some of the available alternatives by which the wife may be granted a vested interest in the military retirement pension.
Because the remedies of equitable property division and alimony awards are interrelated, those portions of the final judgment which deal with property division, alimony and support to the wife (except for the award of child support which is not affected by this opinion) are hereby reversed, and the cause is remanded to the trial court for reconsideration of such awards in the light of Diffenderfer, Pastore and this opinion. In all other respects, the judgment is affirmed.
AFFIRMED in part; REVERSED in part and REMANDED.
SHARP, C.J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
In Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), the Florida Supreme Court held that a spouse's entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitable distribution (which the trial court did in the instant case), but it did not mandate that a vested interest in a retirement pension be awarded to the other spouse. Indeed, the Court expressly declined to impose rigid rules or formulas upon the trial courts, instead leaving to them the "doing of equity" based upon the "reasonableness" standard enunciated in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980):
In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the `reasonableness' test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
In the instant case, I cannot find that reasonable men could not differ as to the propriety of the action taken by the trial judge, nor that he abused his discretion in the division of marital assets or the award of alimony and support in this case. Given those awards, there is an insubstantial disparity in the monthly incomes of the parties, *847 the husband is required to pay off $7,000.00 in joint debts, the wife receives exclusive ownership of the marital home with $44,000.00 equity (the only marketable asset of the parties), and the trial court retained jurisdiction to modify the amount of alimony as may be indicated by future eventualities, one of which may be the retirement of the husband in 1991 or thereafter. In holding, as a matter of law, that the wife was "shortchanged," this court has done exactly what it was admonished in Canakaris not to do: arrogated to itself the function of the trial judge.
We are reversing the trial judge because of the majority's apprehension that the husband may not live long enough to provide the wife sufficient alimony. There is nothing in this record to support that apprehension. In effect, the majority is fashioning a life insurance plan for a former spouse despite our previous holdings that trial courts cannot do this. Blais v. Blais, 410 So.2d 1365 (Fla. 5th DCA 1982); Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981).
I would affirm.