555 So.2d 1324 (1990)
Nancy HELDMYER, Appellant/Cross Appellee,
v.
Harry HELDMYER, Appellee/Cross Appellant.
No. 88-1657.
District Court of Appeal of Florida, Fifth District.
February 1, 1990.
*1325 Michael D. Holliday, Melbourne, for appellant/cross appellee.
Jack A. Kirschenbaum of Wolfe, Kirschenbaum & Peeples, P.A., Cocoa Beach, for appellee/cross appellant.
W. SHARP, Judge.
This is the second appeal to reach this court from a final dissolution judgment involving Nancy and Harry Heldmyer. See Heldmyer v. Heldmyer, 509 So.2d 1310 (Fla. 5th DCA 1987). In the first appeal, this court found various errors in awards: failure to calculate the former husband's special equity in the marital home pursuant to Landay v. Landay, 429 So.2d 1197 (Fla. 1983); not giving the husband credit for paying the wife's share of a joint liability mortgage on the marital residence without labeling it an aspect of alimony; awarding investment accounts to the wife, which were not shown to be marital assets; and requiring the former husband to make the former wife a beneficiary under the Survivor Benefit Plan (an annuity) payable on the death of a person entitled to receive a retirement pension from the Armed Forces. 10 U.S.C. §§ 1447-55.
This court remanded the cause to the lower court, asking it to "revisit the awards in this case." In so doing, we recognized that the lower court should be free to re-examine the total spectrum of its financial "package," since the effect of this court's ruling necessarily changed the financial positions of the parties. Diffenderfer v. Diffenderfer, 491 So.2d 265, 267-268 (Fla. 1986); Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Pirino v. Pirino, 549 So.2d 219 (Fla. 5th DCA 1989); Harper v. Harper, 546 So.2d 438 (Fla. 2d DCA 1989).
In the first Heldmyer appeal, this court upheld the lower court's award of permanent alimony to Nancy, as not constituting a breach of discretion. This indeed was a classic case for the award of permanent alimony to the former wife, and/or an award of marital assets encompassing the former husband's military pension. The Heldmyers' was a thirty-one year marriage which produced four children. It spanned all twenty years of the husband's Army career, during which he earned vested rights to a military pension. Nancy was primarily a homemaker during the marriage, and when divorced at age 50+, she was only able to earn $16,000 per year. He was earning $47,000.00.
Between the time the lower court entered its first judgment and the case reached us on appeal, the Florida Supreme Court issued its opinions, in Pastore v. Pastore, 497 So.2d 635 (Fla. 1986); Diffenderfer; Bogard v. Bogard, 490 So.2d 43 (Fla. 1986). We took note of the fact that this state's law had changed, or become clarified, that pensions earned by one spouse during marriage are marital assets. Although there was no cross appeal in the first case by the wife, on remand we suggested the trial court could reconsider the total awards to the parties, including the pension as a marital asset, in view of that new case law.
Similarly, although neither party nor our own research revealed to us this information, Congress amended 10 U.S.C., section 1450(f)(4)[1] after the first final judgment, but prior to our opinion, to allow a trial court (in its discretion) to order a spouse to maintain an annuity for a former spouse under the Survivor Benefit Plan. Our prior opinion was based on out-of-state case law interpreting the federal law, prior to the amendment.
On remand, the trial court revisited the current financial circumstances of the Heldmyers. The health of both parties had *1326 deteriorated. Nancy's ability to continue to work full time was in serious question, due to high blood pressure and macular degeneration.[2] Harry had been diagnosed as having inoperable lung cancer, and was receiving chemotherapy treatments.
In its judgment, following remand, which was appealed by both parties, the court returned all of the investment accounts to the former husband, increased his special equity in the marital residence pursuant to Landay, continued permanent alimony for the wife at the original level, and made a finding concerning the credits as alimony. It also made an express finding that in view of the current circumstances of the parties, it would not benefit the wife to treat the military pension as a marital asset. However, the trial judge urged that in equity and good conscience, the wife should be accorded survivor benefits under 10 U.S.C., section 1450(f)(4). It felt it could not make such a ruling because of our first opinion in this case. This amended final judgment was appealed.
Prior to oral argument in this second round of appeals, Harry died after having first remarried. He designated his second wife as beneficiary under the Survivor Benefits Plan. However, counsel failed to notify this court of that fact. Consequently, an opinion directing the trial court to order that Nancy receive survivor benefits of Harry's military pension under the amendment to 10 U.S.C., sections 1447-55 was issued and subsequently recalled.
It is now impossible for the trial court to enter an order requiring the deceased husband to designate Nancy the survivor of the military pension. To compensate Nancy for this loss, we remand to the trial court for a determination of the valuation of Nancy's portion of the military pension, and for a full and complete reevaluation of the property distribution of the parties as of the date of the original judgment of dissolution. Nancy is to be compensated for the loss of her portion of the pension from property awarded to Harry. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). If the value of marital property is insufficient to compensate Nancy for her loss of the pension, the trial court may enter a judgment for the balance, enforceable against Harry's non-marital assets, now a part of Harry's estate. This includes the special equity awarded to him in the marital residence which is a vested interest or right. Antonini v. Antonini, 473 So.2d 739 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 7 (Fla. 1986). This would merely constitute swapping one spouse's vested interest for the other's vested interest. Tronconi.
REVERSED and REMANDED.
DANIEL, C.J., and PETERSON, E.W., Jr., Associate Judge, concur.
NOTES
[1] Amended by P.L. 99-661 Laws of 99th Congress  2d Session, SEC.641(a).
[2] A degeneration of the central portion of the retina resulting in a loss of vision.