W.- SHARP, Judge,
concurring in part and dissenting in part.
I concur with the majority opinion that a finding concerning the former husband’s gross and net income is required before we can gauge the fairness of any alimony award to the former wife. In this case, the former wife postulated that the former husband’s income was $170,000 per year based on a not realized or excess income theory that an inordinate amount of business income was being put back into the rental businesses and not being paid (as it could have been or should have been) to the former husband. The court rejected that amount of imputed earnings, but made no express findings as to the former husband’s income. At best, the court found that the parties utilized a maximum of $75,000 per year to support their lifestyle and that the former husband’s financial affidavit for 1996 showed a gross income of $61,70(5.
I also agree that the valuations of the two assets, which the parties concede were erroneously valued, should be corrected on remand and that the IRS indebtedness should be dealt with. If these revisions and additional findings require the taking of additional testimony, that should be permitted. At that time the trial court should be free to readdress the equitable distribution and alimony award, if those awards are affected as a totality of the dissolution package.[1]
*863 What puzzles me, however, is the requirement by the majority that findings consistent with a rehabilitative alimony award need also to be made on remand by the trial court. No award of rehabilitative alimony was requested or made in this case and the court made sufficient fact findings to support its conclusion that an award of permanent alimony was appropriate in this case.
There was testimony that the former wife might be able to earn $1,300 per month, after she completed a medical assistant’s educational program, which she was taking at the time of the dissolution. But at the time of the dissolution, she had not completed the program and she had no job or income. It would not have been proper to “impute” income to her at that point,[2] any more than it would have been proper for the trial court to have imputed claimed but unproven cash distributions to the former husband (as it rightfully pointed out).
However, if at the time of remand the former wife is employed and earning income as a medical assistant, this should be a factor the trial court considers in setting her permanent alimony award. Her future earnings may have become a “reality” by the time this ease is remanded and reconsidered.

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Decker v. Decker, 534 So.2d 844 (Fla. 5th DCA 1988); Keller v. Keller, 521 So.2d 273 (Fla. 5th DCA 1988); Webb v. Webb, 498 So.2d 1059 (Fla. 5th DCA 1986).

. Stewart v. Rich, 664 So.2d 1145 (Fla. 4th DCA 1995); Stodtko v. Stodtko, 636 So.2d 814 (Fla. 3d DCA 1994).