SHARP, W., J.,
concurring and concurring specially,
I agree with Judge Harris that this cause must be remanded to the trial court, in order to address various aspects of the equitable distribution award. It appears that various assets, which were marital in nature, were not so identified, valued and equitably distributed. See § 61.075(3), Fla. Stat. In addition to those mentioned by Judge Harris, there was an asset listed as JCCR Land Holding, valued at $7,600. Further, it appears that' the former husband was given full credit against the former wife’s equitable distribution of a $4,000 cash advance he made to her, which in turn was used (at least in major part) for repairs on the marital home. Under the temporary order, the former husband was responsible to pay maintenance fees on the home, so any credit may have been error, and if he was not responsible for the repairs, he should only have received a 50% credit.
In my view, the final judgment erroneously gave the former husband credit for 50% of the mortgage payments on the marital residence he made from the time of the parties’ separation, to the date of the final judgment. The temporary order entered at the time of separation states that the husband “as and for temporary alimony and support shall pay the mortgage payment, maintenance fees, and club dues when due, including taxes and insurance ...” However, the final judgment gives the former husband 50% credit for those payments. In Pastore v. Pastore, 497 So.2d 635 (Fla.1986), the court held that if the payments are called child support or alimony, then no credit should be given for them. The final judgment should not have retroactively altered the nature of those payments.
Further, the final judgment is unclear whether the balance of such payments for the next three years, while the minor child is living in the home, is also support. The final judgment says:
As and for additional support, Husband will pay and keep current all mortgage payments, assessments, taxes, insurance, major repairs (exceeding $750.00) and other assets levied by governmental authority.
Yet in a later provision, the final judgment purports to give the former husband credit for those payments. It cannot be both ways. Pastore. On remand, the nature of these payments should be clarified. If not deemed to be additional child support and/or alimony, the court should give the former husband 50% credit for the payments. See Babb v. Babb, 771 So.2d 1215 (Fla. 5th DCA 2000). Or, if it is included as part of the package of alimony and/or child support, no credit should be given. Pastore.
On remand, I would also urge the trial court to take note of the respective parties’ arguments and presentations concerning the tax consequences of the equitable distribution awards and support payments, and to make appropriate findings thereon. We have noted the importance of such considerations where appropriate proofs are offered by the parties. Doyle v. Doyle, 789 So.2d 499 (Fla. 5th DCA 2001); Brock v. Brock, 690 So.2d 737 (Fla. 5th DCA 1997); Vaccaro v. Vaccaro, 677 So.2d 918 (Fla. 5th DCA 1996); Miller v. Miller, 625 So.2d 1320 (Fla. 5th DCA 1993).
As noted in the majority opinion, the court on remand should also take evidence and make appropriate findings concerning the former wife’s request that the former husband pay some or all of her attorney’s fees. Apparently the parties were not permitted to address these issues adequately in the proceeding below, and the trial court refused to award the former wife any fees at the final hearing. Based on the gross *741 disparity of earnings of the parties in this case, failure to award the former wife any portion of her fees appears to be an abuse of discretion. The former husband earns in excess of $300,000 per year and the former wife is not employed. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997); Flemming v. Flemming, 742 So.2d 843 (Fla. 1st DCA 1999). The parties should be permitted to make a record concerning attorney’s fees which would be reviewable by us on appeal.