PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, appellant (the wife) argues that the trial court erred by incorporating a separation agreement executed by the parties into the final judgment; and by failing to address the parties’ respective rights to that portion of the husband’s future military pension which had accrued during the marriage. We affirm in part, and reverse in part.
The separation agreement provides that it may be introduced in a subsequent divorce proceeding, “as evidence of what the parties deemed reasonable on the date of [its] execution.” It provides, further, that, if introduced in evidence, either party may offer additional evidence to establish that circumstances had changed since its execution. The wife argues that the agreement should not have been incorporated into the final judgment, because the evidence establishes that circumstances had changed since its execution. However, the trial court found that there had been no material change in circumstances since the execution of the agreement. Our review of the record satisfies us that there is competent substantial evidence to support that finding.
The wife also argues that the separation agreement is unreasonable and unfair, and that it was procured by duress. This issue was not raised in the trial court. Therefore, we decline to consider it, for the first time, on appeal. See, e.g., Dober v. Worrell, 401 So.2d 1322 (Fla.1981).
*1244 Clearly, that portion of the husband’s future military pension which accrued during the marriage is a marital asset. E.g., Pastore v. Pastore, 497 So.2d 635 (Fla.1986); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986). The separation agreement does not specifically address that asset. However, it does provide that “[p]roperty not specifically identified herein shall be divided upon agreement of the parties.” Obviously, the parties were unable to agree upon division of that asset.
In her counter-petition for dissolution of marriage, the wife expressly requested equitable distribution of that portion of the husband’s future military pension which had accrued during the marriage. The matter was squarely presented to the trial court during the final hearing. Nevertheless, the trial court did not address the issue in its final judgment. This was error. On remand, the trial court shall equitably distribute that portion of the husband’s future military pension which accrued during the marriage.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ZEHMER, C.J., and ALLEN and WEBSTER, JJ., concur.