895 So.2d 1160 (2005)
Kamalakar RAO-NAGINENI, Appellant,
v.
Hema Nagineni RAO, Appellee.
No. 4D04-359.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
Rehearing Denied April 6, 2005.
Wayne R. McDonough of Wayne R. McDonough, P.A., Vero Beach, for appellant.
Bonnie B. Glaser, Vero Beach, for appellee.
MAY, J.
The former husband appeals a final judgment of dissolution. He raises four issues, including the disqualification of the trial judge, the cut-off date for classification of marital assets and liabilities for the purpose of equitable distribution, and the striking of the former husband's pleadings. We find the trial court erred in determining the cut-off date for determining marital assets and liabilities. We therefore reverse and remand the case for further proceedings.
The parties, both physicians, were married in March 1972. The former wife filed a petition of dissolution of marriage on August 31, 2002. The trial court eventually struck the former husband's pleadings and entered a default against him for his failure to comply with discovery orders. The court then rendered a "Final Judgment of Equitable Distribution, Parenting Plan and Child Support."
In its judgment, the trial court found the parties had "effectively separated" on a date prior to the commencement of the dissolution, but did not have a valid separation agreement at the time of separation. The court acknowledged that section 61.075, Florida Statutes (2003), provides the cut-off date for determining the marital assets and liabilities, but found it had some discretion to value the property in a just and equitable manner based upon the circumstances. The court found the parties *1161 "effectively separated all of their joint activities" on August 1, 1999, and used that date for the valuation of assets and liabilities.
The former husband argues the court erroneously determined the date. He also suggests there are errors in the order concerning the Pennsylvania property and the valuation of the former husband's pension plan. We agree.
Section 61.075(6), Florida Statutes (2003), provides a bright line rule for setting the date to be used in determining the marital classification of assets and liabilities. If there is no valid separation agreement, the cut-off date is "the date of the filing of the petition for dissolution of marriage." Caruso v. Caruso, 814 So.2d 498, 502 (Fla. 4th DCA 2002). Nevertheless, the trial court used August 1, 1999, the date the parties separated, instead of August 31, 2002, the date the petition was filed, as the date to determine marital assets and liabilities and their value. In doing so, the court erred.
The discretion given to trial courts, and to which the trial court referred in its final judgment, arises after the assets and liabilities are characterized as marital or non-marital. The statute provides "[t]he date for determining value of assets and the amount of liabilities identified or classified as marital is the date or dates as the judge determines is just and equitable under the circumstances." See § 61.075(6), Fla. Stat. (2003). Here the court used its discretion too early in the process.
For this reason, the Final Judgment is reversed and the case is remanded for the trial court to use August 31, 2002, as the date for determining the marital and non-marital nature of the assets and liabilities. The court may then use its statutorily-given discretion for valuing these assets and liabilities. This will require the court to redo the equitable distribution, including the Pennsylvania and Vero Beach properties.[1]
REVERSED and REMANDED.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] On remand, the trial court must strike its mention of a mortgage on the Pennsylvania property as the court sustained the former husband's objection to the introduction of evidence on this issue. In addition, the court must calculate the value of the pension plan using a date no later than the date the petition for dissolution was filed. See Bain v. Bain, 553 So.2d 1389 (Fla. 5th DCA 1990).