944 So.2d 1151 (2006)
Jill WILLMAN, former wife, Appellant,
v.
Steven A. WILLMAN, former husband, Appellee.
No. 1D06-1943.
District Court of Appeal of Florida, First District.
December 12, 2006.
Janis L. Burke, Ft. Walton Beach, for Appellant.
Stephen S. Poche', Shalimar, for Appellee.
PER CURIAM.
In the absence of a valid separation agreement, a married couple's assets remain "marital" until the date dissolution papers are filed. See § 61.075(6), Fla. Stat. (2005); Rao-Nagineni v. Rao, 895 So.2d 1160, 1161 (Fla. 4th DCA 2005) ("Section 61.075(6), Florida Statutes (2003), provides a bright line rule for setting the date to be used in determining the marital classification of assets and liabilities. If there is no valid separation agreement, the cut-off date is `the date of the filing of the petition for dissolution of marriage.'" (quoting Caruso v. Caruso, 814 So.2d 498, 502 (Fla. 4th DCA 2002))). The portion of a military pension that accrues during marriage is a marital asset. See Cunningham v. Cunningham, 623 So.2d 1243, 1244 (Fla. 1st DCA 1993).
In the present case, the trial judge used November 1, 2002, as the date on which the husband's pension plan ceased being a marital asset. This was error. As the parties did not have a separation agreement, the husband's pension plan continued as a marital asset until he filed for divorce on August 10, 2004. Accordingly, we reverse on this issue and remand to the trial court to amend the portion of the final judgment dealing with the wife's coverture share of the husband's military retirement pay. The final judgment is affirmed in all other respects.
*1152 AFFIRMED in part, REVERSED and REMANDED in part.
BROWNING, C.J., KAHN and DAVIS, JJ., concur.