# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ROBERT N. BADGLEY, JR.,**
Appellant,

v.

**MARIA BELEN SANCHEZ,**
Appellee.

No. 4D13-4829

[May 20, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Steven B. Feren, Judge; L.T. Case No. FMCE 12010018.

J. Scott Gunn of J. Scott Gunn, P.A., Fort Lauderdale, for appellant.

Sue-Ellen Kenny and Scott D. Glassman of the Law Office of Scott Glassman, P.A., West Palm Beach, for appellee.

STEVENSON, J.

In this appeal, the husband challenges a final judgment of dissolution, which effected a 60/40 distribution of the marital assets and liabilities favoring the wife and awarded wife $4,250 in durational alimony payable for a period of fifty-four months. The husband raises numerous challenges to the 60/40 distribution and the alimony award. Given husband's failure to provide a transcript of the hearing that gave rise to the final judgment, we find merit in only three claims: (1) the 60/40 distribution is not supported by adequate factual findings; (2) the alimony award is not supported by adequate factual findings; and (3) in setting the amount of alimony, the trial court erred by attributing to husband $1,400 in rental income that husband would not receive until four months after entry of the judgment. Based upon these errors, we reverse the 60/40 distribution and the alimony award, and remand for further proceedings.

*The 60/40 Distribution*
The judgment finds that the husband is employed as a lending manager for a bank earning $75,000 per year plus a bonus and has a gross monthly income of $11,250. The court imputed $867 in monthly income to wife, who was presently unemployed, but had recently worked as a receptionist

earning $12.00 per hour and held a real estate license. Citing the parties' "past earning histories and future ability to earn income, and that the Wife is earning below the poverty level," the trial court ordered a 60/40 distribution of the marital assets and liabilities favoring the wife.

Section 61.075, Florida Statutes (2013), governing distribution of marital assets and liabilities, provides that the trial court must "begin with the premise that the distribution should be equal" and requires consideration *and factual findings in the judgment* regarding nine specified factors in assessing whether an unequal distribution is warranted. § 61.075(1)(a)–(j), (3), Fla. Stat. Here, the 60/40 distribution is premised solely on the parties' income and fails to contain the factual findings required by statute. This is error. *See David v. David*, 58 So. 3d 336, 338 (Fla. 5th DCA 2011) ("[D]isparate earning abilities cannot, without more, justify unequal distribution of marital assets and liabilities."); *Gil v. Mendelson*, 793 So. 2d 1061, 1061 (Fla. 3d DCA 2001) ("The trial judge's reason for awarding the wife substantially more than 50% of the assets, the husband's superior earning capacity, as a matter of law does not justify any such result." (footnote omitted)). We are cognizant of husband's failure to provide this court a transcript, but have held a trial court's failure to make statutorily-required findings nonetheless warrants reversal. *See Whelan v. Whelan*, 736 So. 2d 732, 733 (Fla. 4th DCA 1999) ("Even when no trial transcript is provided to the reviewing court, '[f]ailure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made.'" (quoting *Holmes v. Holmes*, 709 So. 2d 166, 168 (Fla. 5th DCA 1998))); *see also Dorsett v. Dorsett*, 902 So. 2d 947 (Fla. 4th DCA 2005) (citing *Whelan* and reversing due to judgment's failure to make finding regarding value of assets, despite lack of transcript). *But see Mize v. Mize*, 45 So. 3d 49 (Fla. 1st DCA 2010) (refusing to reverse due to absence of findings required by statute where appellant failed to bring deficiency to attention of trial court); *Mathieu v. Mathieu*, 877 So. 2d 740 (Fla. 5th DCA 2004) (same); *Esaw v. Esaw*, 965 So. 2d 1261 (Fla. 2d DCA 2007) (finding that, in absence of transcript, wife could not demonstrate lack of findings required by sections 61.08, governing alimony, and 61.075, governing equitable distribution, required reversal). We thus reverse the 60/40 distribution and remand the matter so the trial court can make the required factual findings.

*Alimony*

Section 61.08, Florida Statutes (2013), authorizes the award of alimony, with subsection (2) of the statute setting forth a variety of factors that the court "shall consider" in determining the amount and type. The statute specifically requires that the trial court make factual findings

2

regarding these factors: "In all dissolution actions, the court *shall include findings of fact* relative to the factors enumerated in subsection (2) supporting an award or denial of alimony." § 61.08(1), Fla. Stat. (emphasis added).

Here, the final judgment never references section 61.08 and, while some of the findings could be fairly read to correlate with the factors set forth in section 61.08(2), other factors are wholly ignored. A trial court errs where, as here, it fails to make the findings required by section 61.08. *See Patino v. Patino*, 122 So. 3d 961, 963 (Fla. 4th DCA 2013) (stating that "[i]n conducting the required evaluation, the trial court must make findings of fact regarding each listed factor"; reversing alimony award where judgment indicated court had considered six of ten factors, but made no mention of the other four); *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003) ("Subsection 2 lists several economic factors that the trial court 'shall consider' in determining a proper award of alimony. A failure to consider all of the mandated factors is reversible error."). The judgment is also deficient for failing to look to the parties' *net* incomes in assessing need and ability to pay. *See* § 61.08(2), Fla. Stat. (requiring trial court to make a finding regarding whether there is a need for alimony and the ability to pay alimony); *Kingsbury v. Kingsbury*, 116 So. 3d 473, 474 (Fla. 1st DCA 2013) (recognizing ability to pay should be based upon net income). We thus reverse the alimony award and remand so the trial court can make the findings required by section 61.08.

*Rental Income*
Finally, we reach the husband's claim regarding the $1400 in rental income. Pursuant to the parties' agreement, the final judgment awarded husband both the house and the condominium. In the judgment, the court found that, beginning in 2006, the parties used the condominium as a rental property and that, following the divorce, the husband intended to again use the property as such, estimating the monthly rental income at $1400–$1500. Subsequently, in making the $4,250 alimony award, the trial court referenced both the husband's employment income and the $1400 rental income. The judgment, however, goes on to permit the wife to remain in the former marital home for four months after entry of the judgment, noting wife's vacation of the home will then permit husband to rent the condominium. Husband complains the trial court cannot rely upon the $1400 in setting the amount of alimony, simultaneously acknowledge these funds will not initially be available to him for four months, and fail to make an allowance for this unavailability. We agree. *Cf. Winn v. Winn*, 669 So. 2d 1155, 1157 (Fla. 5th DCA 1996) ("Alimony awards should be based on current existing circumstances, and not on possibilities likely but as yet unrealized."). And, as the error is apparent

from the face of the judgment, the lack of a transcript does not preclude reversal on the issue.

In sum, we affirm the final judgment to the extent that it dissolves the parties' marriage. We reverse, however, the 60/40 distribution of the marital assets and liabilities and the alimony award, remanding the matter to the trial court to make the findings required by the governing statutes and to address the absence of the $1400 in rental income for the four-month period immediately following entry of the judgment.

*Affirmed in part; Reversed in Part; and Remanded.*

TAYLOR and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**